## Case No. 17,842.

### WILSON v. TURBERVILLE.

[1 Cranch, C. C. 492.] [1]

Circuit Court, District of Columbia. July Term, 1808.

#### PLEA OF LIMITATIONS—WHEN FILED.

In actions against executors and administrators, the statute of limitations may be pleaded after office judgment.

This cause having been referred, but no issue made up, and the award having been set aside at the last term, and the cause standing on an office judgment and writ of inquiry,—

Mr. Swann, for defendant, moved to plead the statute of limitations, which

E. J. Lee, for plaintiff, opposed, and produced the will of Turberville, by which he orders all his just debts to be paid, and contended that that would be a good bar to the plea of the statute, and that the court would not suffer a nugatory plea to be pleaded.

But THE COURT (DUCKETT, Circuit Judge, absent) admitted the plea, it being in a case of executors, and referred to the case of Dean v. Flannery [Case No. 3,707], at November term, 1807, where the plea was admitted after office judgment.

[See Cases Nos. 17,843 and 17,844.]

## Case No. 17,843.

### WILSON v. TURBERVILLE.

[1 Cranch, C. C. 512.] [1]

Circuit Court, District of Columbia. Nov. Term, 1808.

#### LIMITATIONS—CLAIM AGAINST DECEDENT'S ESTATE.

A clause in a will directing all the testator's debts to be paid, and appropriating the rents of his real estate, does not take the case at law out of the statute of limitations, when the plaintiff does not seek his remedy under the will.

Special assumpsit by defendant's testator to sell all his crops for several years at a certain price; breach, that he did not sell and deliver, &c. Pleas, non assumpsit and limitations.

To rebut the plea of limitations, E. J. Lee, for plaintiff, produced a copy of the will of the defendant's testator, in which he directs all his just debts to be paid, and directs that the rents of his real estate shall be applied, in case certain parts of his personal estate should not be sufficient; and contended that this clause of the will took the case out of the statute. Jones v. Strafford, 3 P. Wms.

89; Gofton v. Mill, 2 Vern. 141; Andrews v. Brown, Finch, Prec. 385; Anon., 1 Salk. 155; Catling v. Skoulding, 6 Term R. 193; Trueman v. Fenton, Cowp. 548.

Mr. Swann, contra. If the plaintiff claimed under the will, the cases might apply; but if he will avail himself of that clause of the will he must confine himself to the provision made by the will. All the cases are in chancery. No case where at law such a will takes it out of the statute. If the plaintiff in a suit at law could avail himself of this equitable evidence, he might perhaps gain a priority which would exclude other creditors who have as good a right in equity as himself.

THE COURT (nem. con.) directed the jury that that clause of the will was not an acknowledgment of the cause of action.

CRANCH, Chief Judge, suggested that there was a difference between a debt liquidated and a claim for uncertain damages upon a breach of such a contract as this.

Upon this ground, as well as upon those urged by Mr. Swann, the court founded its opinion; but told the plaintiff's counsel that they would hear any cases which he might cite upon a motion for a new trial if the verdict should be against his client upon the plea of limitations.

[See Cases Nos. 17,842 and 17,844.]

## Case No. 17,844.

### WILSON v. TURBERVILLE.

[2 Cranch, C. C. 27.] [1]

Circuit Court, District of Columbia. July Term, 1811.

#### PLEA OF LIMITATIONS—WHEN FILED.

After interlocutory decree, and an issue ordered, the court will not permit the defendant to plead the statute of limitations, and to file an answer.

An issue from chancery being called up for trial, in this cause, Mr. Swann, for plaintiff, moved for leave to plead the statute of limitations, and to file an answer.

E. J. Lee, for plaintiff, objected that it was now too late, after interlocutory decree; that the answer offered was not a full and fair answer; and that by his will the testator had ordered all his just debts to be paid; which took the case out of the statute.

THE COURT (THRUSTON, Circuit Judge, absent), after consideration, overruled the motion.

[See Cases Nos. 17,842 and 17,843.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]